S. N. CODER v. D. C. STOTTS, *as Sheriff of Graham County.*

1. CHATTEL MORTGAGE — *Attachment* — *Replevin by Mortgagee against Sheriff.* In an action of replevin brought against a sheriff, who has levied on a portion of a stock of goods under an attachment, where the plaintiff claims under a mortgage given about six months previous to such levy, where it appears that the mortgagors have retained possession of the entire stock of mortgaged merchandise, have sold in the ordinary course of business therefrom, and have purchased large quantities of goods to replenish the stock, and all this has been with the knowledge of the mortgagee, and without objection from him, *held*, that the plaintiff must identify the goods attached by the sheriff as being those included in such chattel mortgage before he can recover the same in replevin.

2. ———— *Secondary Evidence.* Before secondary evidence of the contents of an invoice of a stock of goods which had been in plaintiff's possession can be received, he must at least account for the absence of the original.

*Error from Graham District Court.*

REPLEVIN by *Coder* against *Stotts*, as sheriff. Defendant had judgment, and plaintiff comes to this court. The facts appear in the opinion.

*Harwi & Prewitt*, for plaintiff in error.

*A. H. Ellis*, for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: This action was brought by S. N. Coder, as plaintiff, to recover certain merchandise which had been

attached by the defendant, as sheriff, under an order of attachment issued in a suit brought by Patterson, Thomas & Co. *v.* W. J. Bennett & Co. The petition alleges that the goods are of the value of $8,000, and plaintiff claims them under a mortgage for $8,000, dated August 15, 1887, but not filed in the register of deeds' office until February 17, 1888. The attachment was issued on the 17th day of February, 1888, and the sheriff's return shows that $547 worth of goods were attached. A demurrer was interposed to the plaintiff's evidence, and sustained by the court. To this ruling the plaintiff excepted, and brings the case here for review.

The plaintiff's evidence shows that this stock of goods was owned by him until the time this chattel mortgage was given; that he then sold to the firm of W. J. Bennett & Co., composed of W. J. Bennett and W. Coder, plaintiff's brother, and took the chattel mortgage under which he claims, to secure $8,000 of the purchase price of the goods. Bennett & Co. took possession of the stock, sold goods in the usual course of business as retail dealers, and purchased others with which to replenish the stock from time to time. There is no evidence in the case from which it is possible to identify the particular goods attached by the sheriff as goods that were included in plaintiff's mortgage, and plaintiff's own testimony shows that the sales were made with his consent, and that he knew of purchases being made at various times. In fact, the very bill of goods for which Patterson, Thomas & Co. brought suit was first sold to the plaintiff himself before he sold out the stock to Bennett & Co., but under a subsequent arrangement the goods were turned over to Bennett & Co. It is claimed by counsel for the plaintiff that he was in possession of the entire stock at the time the attachment was levied, through his agent, Green. While the plaintiff used language in his testimony which might bear the construction claimed by his counsel, we are entirely satisfied from all his testimony that no change took place in the possession of the goods, and that Bennett & Co. were at that time still conducting the business in the same manner as theretofore. We

think there was no identification of the property, and for that reason the plaintiff's proof was fatally deficient.

Exceptions were taken to the ruling of the court in excluding the testimony of the witness Green as to what a certain invoice showed, as to the amount of goods in the stock. No proper foundation was laid for the introduction of secondary evidence as to the contents of the invoice, and we are unable to perceive from the record presented that the invoice itself would have been competent, as it was taken some time after the levy of the attachment. The witness Green was asked to state the amount of the invoice. Such a statement, if made, could have thrown no light on the question of identity.

Plaintiff complains of the admission in evidence of the attachment and summons in the case of Patterson, Thomas & Co. v. Bennett & Co., in connection with the cross-examination of the defendant, who was called as a witness by the plaintiff. While it is true that these papers were received in evidence in advance of what would appear to be strictly the regular order, they were competent and proper evidence, and we cannot say that the court abused its discretion in permitting them to be read at that time. Questions as to the order of the introduction of testimony are largely within the discretion of the trial court.

On the whole record, we are satisfied that the judgment of the trial court was right, and it will be affirmed.

All the Justices concurring.